# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| MARK PAUL LIPTON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>) No.: 3:21-CV-45-KAC-DCP<br>STATE OF TENNESSEE, )<br>)<br>Respondent. ) | |

## MEMORANDUM OPINION

On February 10, 2021, Petitioner Mark Paul Lipton filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 attacking his 2012 Sevier County, Tennessee conviction for aggravated assault [Doc. 1].

A federal court has jurisdiction to grant a petition under Section 2254 only where a petitioner is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); *see also* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."). The custody requirement must be met at the time the petition is filed. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citation omitted).

Petitioner does not allege that he is in State custody, and he is not currently incarcerated [*See* Doc. 1]. Further, the online offender records from the Tennessee Department of Correction indicate that Petitioner is not and was not on February 10, 2021 under State supervision. *See* Tennessee Department of Correction, "Felony Offender Information," at https://apps.tn.gov/foil-app/search.jsp (last visited March 5, 2021). Therefore, Petitioner was not "in custody" for the challenged judgment when he filed the instant petition on February 10, 2021, and this Court lacks

jurisdiction to consider it. *See Steverson v. Summers*, 258 F.3d 520, 522 (6th Cir. 2001). Accordingly, the petition will be **DISMISSED**. Because reasonable jurists would not disagree that this Court lacks jurisdiction over the petition, a certificate of appealability ("COA") will be **DENIED**. *See* 28 U.S.C. § 2253(c)(1) (requiring a COA to issue before petitioner can appeal a court's decision denying federal habeas relief); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding a COA may not issue on a claim rejected on procedural grounds unless petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

Finally, the Court **CERTIFIES** any appeal from this action would not be taken in good faith and would be frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on any subsequent appeal. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge

2

Case 3:21-cv-00045-KAC-DCP   Document 4   Filed 03/05/21   Page 2 of 2   PageID #: 26